IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY JOHNSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1194 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 73 |
| AUTOZONE, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION**

Presently before the Court is Defendant Autozone's Partial Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 73. For the reasons that follow, the Partial Motion to Dismiss will be granted.

### **I. PROCEDURAL HISTORY**

Plaintiff Timothy Johnson ("Plaintiff") proceeding *pro se*, commenced this case on August 9, 2016. ECF No. 1. On April 10, 2017, Plaintiff, then counseled, filed an Amended Complaint. ECF No. 44. On April 25, 2017, Defendant Autozone ("Defendant") filed a Partial Motion to Dismiss and a Brief in support. ECF Nos. 45-46. Also on April 25, 2017, Plaintiff's counsel moved to withdraw, citing irreconcilable differences with Plaintiff. ECF No. 47. This Court granted counsel's motion and stayed this case pending the entry of appearance of new counsel for Plaintiff. ECF No. 48.

On June 19, 2017, Plaintiff moved for the appointment of counsel to represent him. ECF No. 49. On July 14, 2017, this Court granted Plaintiff's motion insofar as it granted Plaintiff counsel for the limited purpose of a Judicial Settlement Conference. ECF No. 53. On September 5, 2017, this Court conducted a Judicial Settlement Conference at which the case did

not resolve. ECF No. 56. However, following the conference, the Court continued the stay of the case until November 6, 2017, to allow Plaintiff time to secure legal counsel. Id.

On November 20, 2017, this Court conducted a Status Conference at which Plaintiff advised the Court that he was waiting to hear from attorneys regarding representation. ECF No. 64. The Court gave Plaintiff until December 20, 2017, to have new counsel enter an appearance or to notify the Court that he would be representing himself. Id. The Court additionally gave Plaintiff a deadline of January 12, 2018, to file a Second Amended Complaint or a response to Autozone's Partial Motion to Dismiss. Id.; ECF No. 65.

On January 12, 2018, Plaintiff filed a Motion to Appear as Legal Representation. ECF No. 66. On January 16, 2018, this Court granted Plaintiff's Motion, permitting him to represent himself. ECF No. 67. Also on January 16, 2018, observing that Plaintiff's Motion to Appear as Legal Representation also sought an extension of time in which to file a Second Amended Complaint, the Court granted Plaintiff a final extension of time until January 30, 2018, in which to file a Second Amended Complaint. ECF No. 68. The Court advised Plaintiff that failure to file an amended complaint by the January 30, 2018, deadline could result in dismissal of the case. Id.

Plaintiff failed to file a Second Amended Complaint by January 30, 2018. On February 13, 2018, this Court filed a Rule to Show Cause why this action should not be dismissed for Plaintiff's failure to file a Second Amended Complaint or a response to the Partial Motion to Dismiss. ECF No. 69. The Court advised Plaintiff that failure to respond would result in dismissal of this action. Id. The Show Cause Response was due on February 27, 2018. Id.

On February 28, 2018, Plaintiff filed a Second Amended Complaint. ECF No. 71. On March 15, 2018, Autozone filed a Partial Motion to Dismiss and a Brief in support. ECF Nos.

2

73-74. Also on March 15, 2018, this Court entered an order directing Plaintiff to respond to the Partial Motion to Dismiss by April 6, 2018. ECF No. 75. Plaintiff did not comply with that order.

On April 17, 2018, this Court issued a Rule to Show Cause why this case should not be dismissed for Plaintiff's failure to file a Response to the Partial Motion to Dismiss as ordered. On May 1, 2018, Plaintiff finally filed a Response to the Order to Show Cause, ECF No. 77, and a Response to the Partial Motion to Dismiss, ECF No. 78.

On May 8, 2018, Defendant filed a Reply Brief. ECF No. 79. The Partial Motion to Dismiss is now ripe for consideration.

## II.   FACTUAL ALLEGATIONS

In the operative Second Amended Complaint, Plaintiff makes the following allegations. Plaintiff, who is African American, was employed by Defendant from 2013 to September 2014. ECF No. 71 ¶¶ 12, 35. In July of 2014, Plaintiff was a manager of parts sales for Defendant. Id. At that time, Mike Pierce became manager of the store at which Plaintiff worked. Id. ¶ 13. Pierce immediately cut the hours of black employees and treated them as if they were incompetent. Id. ¶ 14. After Plaintiff reported the concerns of the black employees to Human Resources, Pierce told Plaintiff he had heard that Plaintiff was interested in transferring to another store. Id. Plaintiff was not interested in a transfer. Id.

At a later date, Pierce accused Plaintiff of stealing store merchandise as a result of a transaction in which a customer purchased items with a gift card and did not receive a receipt indicating the amount of sale. Id. ¶¶ 19-23.

During a 14-day period when Pierce was on vacation, Plaintiff was tardy arriving back at work after lunch. Id. ¶¶ 29, 31. Pierce did not "correct" the tardiness report in "the system,"

although he had done so for white employees. Id. ¶ 32. Plaintiff was terminated from his employment. Id.

## III. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

Finally, when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

4

## IV. DISCUSSION

Although Plaintiff makes reference in the Second Amended Complaint to additional statutes and claims, he asserts only three claims: Count I: unlawful discrimination based on race/national origin pursuant to Title VII, ECF No. 71 ¶¶ 37-43; Count II: harassment and hostile work environment pursuant to Title VII, id. ¶¶ 44-49; and Count III: intentional infliction of emotional distress pursuant to state law, id. ¶¶ 50-51. Defendant moves to dismiss Counts II and III. ECF No. 73.[1]

### A. Count II

In Count II, Plaintiff sets forth a claim entitled "Title VII harassment & hostile work environment." ECF No. 71 ¶¶ 44-49. In support of the Partial Motion to Dismiss, Defendant argues: (1) this claim is time-barred; and (2) Plaintiff has failed to state any actionable hostile work environment claim. ECF No. 74 at 8-10.

Plaintiff does not present any opposition to these arguments, and thus, has arguably conceded that this claim should be dismissed. Nevertheless, in an abundance of caution and leniency, the Court will briefly address the merits of Defendant's arguments.

Plaintiff filed his EEOC charge on July 17, 2015. ECF No. 1-2 at 2. Any claim he makes arising out of conduct more than 300 days before July 17, 2015, i.e., before September 20, 2014, is time-barred. See Mikula v. Allegheny County, 583 F.3d 181, 185 (3d Cir. 2009) (citing 42 U.S.C. § 2000e-5(e)) (holding that under Title VII, a claimant in Pennsylvania must file a discrimination charge with the EEOC within 300 days of an unlawful employment practice).

In the "Statement of Facts" in the Second Amended Complaint, Plaintiff sets forth a section entitled "Hostile Work Environment." ECF No. 71 ¶¶ 19-26. Therein, Plaintiff's

---

[1] In its Reply Brief, Defendant asks that this suit be dismissed in full due to Plaintiff's repeated failure to comply with this Court's orders. The Court declines to do so, however, Plaintiff is put on notice that the continuation of such noncompliance with Court orders will not be permitted by this Court.

5

allegations describe an undated incident in which Pierce screamed and cursed at Plaintiff and accused him of giving away free merchandise when a customer who had used a gift card returned at item. Id. Plaintiff does not allege that this incident occurred on September 20, 2014, or on September 21, 2014, the date on which he was terminated for tardiness.[2] Accordingly, it appears that the claim based on this incident may be time-barred.

However, even assuming *arguendo* that the incident is not time-barred, Plaintiff has failed to state a plausible claim thereupon. To establish a *prima facie* case for a hostile work environment based on racial harassment, a plaintiff must demonstrate: "(1) that she suffered intentional harassment based on race; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected her; (4) the harassment would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability." Ryliskis v. Uniontown Area Hosp., Civ. A. No. 11-1517, 2013 U.S. Dist. LEXIS 171278, at *17-18 (W.D. Pa. Dec. 5, 2013) (citing Griffin v. Harrisburg Prop. Servs., 421 F. App'x 204, 207 (3d. Cir. 2011)).

Plaintiff did not allege that the incident which is the subject of his "Hostile Work Environment" claim was race-based. In fact, Plaintiff's allegations indicate that the incident was based on a misunderstanding about the lack of receipt for the customer's original transaction. Accordingly, Plaintiff has failed to allege a plausible claim of a hostile work environment based on racial discrimination.

For all of these reasons, Count II is dismissed without prejudice to Plaintiff's ability to file a Third Amended Complaint remedying the identified deficiencies as to Count II.

---

[2] ECF No. 1-2 at 1.

6

### B. Count III

In Count III, Plaintiff asserts a claim for intentional infliction of emotional distress. ECF No. 71 ¶¶ 50-51. In support of the Partial Motion to Dismiss, Defendant argues: (1) this claim is preempted by the Pennsylvania Workers' Compensation Act ("PWCA"), 77 P.S. §§ 1-2626; (2) Plaintiff failed to state a claim for this tort under Pennsylvania law because he failed to allege any physical injury in connection with the emotional distress; and (3) Plaintiff has not alleged the requisite outrageous conduct to support his claim. ECF No. 74 at 12-13. Plaintiff does not present any opposition to these arguments, and thus, has arguably conceded that this claim should be dismissed. Nevertheless, in an abundance of caution and leniency, the Court will briefly address the merits of Defendant's first argument, which is dispositive.

The United States Court of Appeals for the Third Circuit has explained:

> Pennsylvania's workers' compensation statute provides the sole remedy "for injuries allegedly sustained during the course of employment." Dugan v. Bell Telephone of Pennsylvania, 876 F. Supp. 713, 723 (W.D. Pa. 1994) (citing 77 P.S. § 481(a)). The exclusivity provision of that statute bars claims for "intentional and/or negligent infliction of emotional distress [arising] out of [an] employment relationship." Id. at 724."

Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997).

Plaintiff's allegations in the Second Amended Complaint relate only to the course of his employment. Accordingly, a claim for intentional infliction of emotional distress is barred by the PWCA. This claim is dismissed with prejudice.

### V. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF No. 73, is granted. An appropriate order follows.

## ORDER

AND NOW, this 21st day of May, 2018, IT IS HEREBY ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 73, is GRANTED as follows:

Count II of the Second Amended Complaint is dismissed without prejudice to Plaintiff's ability to file, on or before June 15, 2018, a Third Amended Complaint remedying the deficiencies identified herein as to Count II. If Plaintiff does not file a Third Amended Complaint by that date, Count II will be dismissed with prejudice and the case will go forward solely as to Count I.

Count III of the Second Amended Complaint is dismissed with prejudice.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Timothy Johnson
839 Locust Street
North Braddock, PA 15104

All counsel of record via CM/ECF