IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY JOHNSON, )
 )
    Plaintiff, ) Civil Action No. 16-1194
 ) Magistrate Judge Maureen P. Kelly
    v. )
 )
AUTOZONE, )
 )
    Defendant. )

## **ORDER OF COURT**

Plaintiff Timothy Johnson ("Plaintiff") proceeding *pro se*, commenced this case on August 9, 2016. ECF No. 1. Defendant Autozone ("Defendant") filed a Motion for Summary Judgment on November 19, 2018. ECF No. 92. Per this Court's Summary Judgment Scheduling Order of July 23, 2018, Responses to Motions for Summary Judgment were due by December 20, 2018. ECF No. 88. Plaintiff did not file a Response to Defendant's Motion for Summary Judgment.

On January 4, 2019, this Court issued a Rule to Show Cause on Plaintiff Timothy Johnson, the third such order issued to Plaintiff during the pendency of the case. ECF No. 95. The Rule to Show Cause, returnable January 18, 2019, ordered Plaintiff to show cause why this case should not be dismissed for failure to file a Response to the Motion for Summary Judgment. Id. Therein, the Court notified Plaintiff that failure to respond to the Rule to Show Cause would result in dismissal of this action. Id. Plaintiff did not respond to the Rule to Show Cause.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must

consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's conduct, which weighs heavily against him. Plaintiff's repeated failure to comply with multiple court orders appears willful and constitutes a history of dilatoriness.

With respect to the Factor 2 - the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's order - Defendant has suffered delay in having the claims brought against it resolved.

Factor 6 - the meritoriousness of the claim - will be weighed neither in favor nor against Plaintiff at this stage of the case. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider, Factor 5, is the effectiveness of sanctions other than dismissal. Plaintiff's failure to comply with Court orders has prevented this case from proceeding and indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek, 964 F.2d at 1373.

2

Accordingly, IT IS HEREBY ORDERED this 29th day of January, 2019, that this Plaintiff's Second Amended Complaint, ECF No. 71, is DISMISSED with prejudice for failure to prosecute. A Judgment Order will follow.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Timothy Johnson
839 Locust Street
North Braddock, PA 15104

All counsel of record via CM/ECF